

# ATTACHMENTS TO

# DOCKET  #  102

# COULD NOT BE SCANNED BECAUSE
# OF THE FOLLOWING:

☑ Legal Size Documents
❑ Large Exhibits
❑ Double Sided Documents
❑ Other _____

_____

(To be scanned in the place of the above attachments.)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Davis v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1716-CC;
Saengsiphan v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1719-CC;
Speight v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1718-CC;
Worthen v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1717-CC;
Reeves v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1720-CC;
Easterling v. World Championship Wrestling, Inc. and Turner Sports, Inc., Civ. File No. 1-00-CV-1715-CC
Onoo v. World Championship Wrestling, Inc., Turner Sports, Inc., Civ. File No. 1:00-CV-0368-CC
Norris v. World Championship Wrestling, Inc., Turner Sports, Inc., Civ. File No. 1:00-CV-0369-CC
Walker v. World Championship Wrestling, Inc., Turner Sports, Inc., Civ. File No. 1:00-CV-0367-CC
Patterson v. World Championship Wrestling, Inc., Turner Sports, Inc., Turner Entertainment Group, Inc. Civ. File No. Civ. File No. **1:01-CV-1152-CC**

## PLAINTIFFS' SECOND MOTION TO REMOVE CONFIDENTIALITY DESIGNATION

Pursuant to directions given to Plaintiffs by the Court on January 21, 2003, Plaintiffs herewith file their second motion to remove the designation of confidentiality that Defendants have attached to certain documents in these consolidated cases. The documents to which Defendants have assigned the designation "confidential" comprise virtually the entirety of over 20,000 documents produced by Defendants in the actions consolidated herein.

In support of this motion, Plaintiffs show that Court that there is no good cause to support the confidentiality

designations attached to the documents by Defendants.   The

ground for this motion are more fully set forth in the attached

brief in support of the motion.

    Respectfully submitted this __24__ day of January, 2003.

Cary Ichter
Georgia Bar No. 382515
Charles J. Gernazian
Georgia Bar No. 291703
Michelle M. Rothenberg-Williams
Georgia Bar No. 615680

**MEADOWS, ICHTER & BOWERS, P.C.**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, GA  30305
Telephone:   (404) 261-6020
Telecopy:    (404) 261-3656

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Davis v. World Championship Wrestling, Inc. and Turner
Sports, Inc., Civ. File No. 1-00-CV-1716-CC;
Saengsiphan v. World Championship Wrestling, Inc. and
Turner Sports, Inc., Civ. File No. 1-00-CV-1719-CC;
Speight v. World Championship Wrestling, Inc. and Turner
Sports, Inc., Civ. File No. 1-00-CV-1718-CC;
Worthen v. World Championship Wrestling, Inc. and Turner
Sports, Inc., Civ. File No. 1-00-CV-1717-CC;
Reeves v. World Championship Wrestling, Inc. and Turner
Sports, Inc., Civ. File No. 1-00-CV-1720-CC;
Easterling v. World Championship Wrestling, Inc. and Turner
Sports, Inc., Civ. File No. 1-00-CV-1715-CC
Onoo v. World Championship Wrestling, Inc., Turner Sports,
Inc., Civ. File No. 1:00-CV-0368-CC
Norris v. World Championship Wrestling, Inc., Turner
Sports, Inc., Civ. File No. 1:00-CV-0369-CC
Walker v. World Championship Wrestling, Inc., Turner
Sports, Inc., Civ. File No. 1:00-CV-0367-CC;
Patterson v. World Championship Wrestling, Inc., Turner
Sports, Inc., Turner Entertainment Group, Inc. Civ. File
No. Civ. File No. 1:01-CV-1152-CC

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' SECOND MOTION TO REMOVE CONFIDENTIALITY DESIGNATION

### I. Introduction

In or about September 2001, the Court entered a Consent

Protective Order that governs the production of documents and

other information produced during the discovery in these

consolidated actions.   The Order provides that, to be protected,

the "documents and things" produced during discovery must

"contain[] confidential information" and that witnesses'

testimony must "concern matters that are of a confidential

nature."   See Consent Protective Order, at 1, attached hereto as

Exhibit "A." The Consent Protective Order further provides that
"[p]rotected materials may not be filed in Court, whether
separately or as part of pleadings or other court papers except
under seal." Id. at 5, ¶ 7.

    To qualify as "protected materials" under the terms of the
Order, documents and testimony must contain confidential
information, or material that "constitutes or contains private
medical information, trade secrets or other confidential or
proprietary business, commercial, financial, research or
development information of the party or non-party making the
designation." Id., at 2, ¶1(b).

    Defendants marked as confidential the vast majority of
documents they produced without the slightest regard for the
contents of the document. The Court has directed Plaintiffs to
challenge those designations by January 24, 2003, or be forever
barred. As there is no legal basis for the vast majority of
Defendants' designations, Plaintiffs have decided to challenge
all designations other than those listed below. In an effort to
narrow the scope of any possible dispute, Plaintiffs advised
Defendants by letter dated January 22, 2003, of the designated
documents Plaintiffs would challenge. A true and correct copy
of said letter is attached hereto as Exhibit "B."

    Although counsel for Defendants represented to the Court at
the January 21 hearing that Defendants would undertake a good

faith review of the challenged documents in an effort to resolve
any disputes, Defendants' counsel has since announced in
correspondence that Defendants regard such an undertaking to be
unduly burdensome.  A true and correct copy of said letter is
attached hereto as Exhibit "C."

In fairness to Defendants, Plaintiffs agree that the burden
of reviewing all the documents in the time allotted by the Court
is a burdensome undertaking.  Nevertheless, it is a burden of
Defendants' making.  Defendants designated virtually every
document they produced in discovery confidential (excepting, to
their limited credit, copies of the WCW magazine that were
produced).

Had they engaged in a thoughtful review of the documents
when the documents were produced, Defendants would be in a
position today to defend **all** of their designations because the
designations would be founded in law and fact, not in
convenience.  Instead of conducting a meaningful review of the
documents when they were produced, Defendants designated
virtually all documents confidential without the slightest
regard for whether they were in fact confidential, secret or in
any way sensitive.  Defendants adopted this blanket application
of the confidential designation at the time of production
because the designation imposed a burden on no one other than
Plaintiffs in their handling of the documents.  Now that they

- 3 -

are actually going to be required to review the documents and consider their content, Defendants are displeased with the burden they have created.

Plaintiffs have attached hereto various summaries of documents produced by Defendants in discovery. Said summaries have been marked as Exhibits "D" through "J." Plaintiffs challenge the confidentiality designation on all of the documents designated as confidential except for the following: WCW018068-71, 018072, 018073-75, 018076-78, 018079-83, 018084-88, 018089-92, 018093-95, 018096-98, 018099-102, 018103, 018114-115, 018116-119, 018484-85, 018486, 018756-57, 018769-72, 018964-69, 002588, 002596, 002597-600, 002601-602, 002603-615, 002617, and 002618-622.[1]

Plaintiffs urge the Court to rebuke Defendants abuse of the rights afforded them under the Consent Protective Order and to should strike the confidentiality designation from the documents listed on the attached documents.

_____

[1]   The Court will note that the last column of Exhibits C through I indicate whether the documents listed have been marked confidential. Only the summary marked as Exhibit J, captioned "Located in boxes 7 and 8," has no column indicating whether the listed documents were designated as confidential. Upon review of all of those documents, counsel for Plaintiffs represent to the Court that all of the documents listed on Exhibit J are marked as confidential.

## II.  **Argument and Citation of Authority**

In asserting the confidential nature of the designated documents, Plaintiffs assume Defendants invoke Rule 26(c)'s protection of trade secrets and other commercial information. Rule 26(c) permits a court to make a protective order requiring that "a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way."  Fed. R. Civ. P. 26(c)(7). The Eleventh Circuit has defined a trade secret, in particular, as "information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1314 n.13 (11th Cir. 2001) (quoting Uniform Trade Secrets Act § 1(4), 14 U.L.A. 438 (1985)).

It is Defendants' burden to show that the information contained within the Kampfe deposition and its exhibits meets this definition.  See id. at 1313-14.  Defendants must also show that there is "good cause" to classify the documents as

- 5 -

confidential.  Id. at 1313.  Defendants have ignored these
burdens, however, and have failed to offer concrete examples of
how information contained within that deposition or its exhibits
will harm or prejudice Defendants.  See Phillips, 307 F.3d at
1211; see also Letter of January 10, 2003, at 3-4.

        "The common-law right of access to judicial proceedings,
an essential component of our system of justice, is instrumental
in securing the integrity of the process."  Chicago Tribune Co.,
263 F.3d at 1311.  This Court must balance competing
considerations of the integrity of the judicial process and
right of public access to the courts, with Defendants' interest
in protecting an agreement that contains only a loosely worded
confidentiality provision.  Given that the "operations of the
courts and the judicial conduct of judges are matters of the
utmost public concern," and that Defendants have failed to offer
substantive examples of harm or prejudice to them from the
document's public filing, Defendants' request should be denied
for lack of good cause.  Estate of Martin Luther King, Jr.,
Inc., 184 F. Supp. 2d at 1365; see also Chicago Tribune Co., 263
F.3d at 1313.

        The parties entered into a Consent Protective Order to
facilitate the expeditious disclosure of documents and other
materials in the discovery process.  That Order allowed
Defendants to designate as confidential materials the disclosure

- 6 -

of which would cause Defendants some commercial injury.  Rather
than apply the definition of confidential in the Order--an Order
Defendants' counsel drafted--Defendants designated the vast
majority of produced material confidential.  The fact that the
Consent Protective Order allowed such designations, the
designations Defendants made is in no way binding on this Court.
As this Court explained in similar circumstances:

> calling a document confidential does not make it so
> in the eyes of the court; **these consensual
> protective orders merely delay the inevitable moment
> when the court will be called upon to determine
> whether Rule 26(c) protection is deserved, a
> decision ultimately rooted in whether the proponent
> demonstrates "good cause."**

Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F.
Supp. 2d 1353, 1362 (N.D. Ga. 2002) (emphasis added).  "For good
cause to exist, the party seeking protection bears the burden of
showing specific prejudice or harm will result if no protective
order is granted."  Phillips v. General Motors Corp., 307 F.3d
1206, 1211 (9th Cir. 2002) (citing Beckman Industries, Inc. v.
International Insurance Co., 966 F.2d 470, 476 (9th Cir. 1992)
(holding that "broad allegations of harm, unsubstantiated by
specific examples or articulated reasoning, do not satisfy the
Rule 26(c) test")).

Defendants are now required to explain on a document-by-
document basis how the disclosure of the designated documents
will cause them specific harm or prejudice.  In short,

- 7 -

Defendants must make a showing of "good cause" to support their

designations of confidentiality.  Plaintiffs respectfully urge

this Court to be mindful that

> [o]nce challenged . . . **any decision to enter a Rule
> 26(c) protective order must be construed in light of
> the presumption in favor of public access to the
> courts . . .** for "what happens in the halls of
> government is presumptively public business.  Judges
> deliberate in private but issue public decisions
> after public arguments based on public records."

Estate of Martin Luther King, Jr., Inc., 184 F. Supp. 2d at 1362

(quoting Union Oil Co. of California v. Leavell, 220 F.3d 562,

568 (7th Cir. 2000) (emphasis added)).

Defendants' request for protection of these documents and

their utter refusal to voluntarily lift these designations

constitute yet another abuse of the Consent Protective Order.

The decisions of courts in every jurisdiction emphasize the

importance of public access to the judicial system and of the

courts' role as guardian of those public interests.  As the

Third Circuit has written:

> Although we have recognized that the district court
> is best situated to determine what factors are
> relevant to the dispute, we have cautioned that the
> analysis should always reflect a balancing of
> private versus public interests—
>
> Discretion should be left with the court to evaluate
> the competing considerations in light of the facts
> of individual cases. By focusing on the particular
> circumstances in the cases before them, **courts are
> in the best position to prevent . . . the overly
> broad use of [confidentiality] orders . . . .**

Glenmede Trust Co., 56 F.3d at 484 (emphasis supplied) (quoting

Pansy, 23 F.3d at 789).

## CONCLUSION

For the foregoing reasons, Plaintiffs submit that the Court

should remove the designations of confidentiality that are the

subject of Plaintiffs' motion.

Cary Ichter
Georgia Bar No. 382515
Charles J. Gernazian
Georgia Bar No. 291703
Michelle M. Rothenberg-Williams
Georgia Bar No. 615680

**MEADOWS, ICHTER & BOWERS, P.C.**
Fourteen Piedmont Center, Suite 1100
3535 Piedmont Road
Atlanta, GA  30305
Telephone:  (404) 261-6020
Telecopy:   (404) 261-3656

- 9 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in the foregoing matter with the foregoing **Plaintiffs' Second Motion to Remove Confidentiality Designation** and **Memorandum of Law in Support of Plaintiffs' Motion to Remove Confidentiality Designation** by hand-delivery to:

> John J. Dalton
> James Lamberth
> Eric Richardson
> Evan Pontz
> Troutman Sanders LLP
> Suite 5200, Bank of America Plaza
> 600 Peachtree Street, N.E.
> Atlanta, Georgia   30308-22165

This ___24th___ day of January, 2003.

_____
Cary Ichter
Georgia Bar No. 382515



# EXHIBIT / ATTACHMENT

## _____ A _____

(To be scanned in place of tab)

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY WALKER,                           )
                                        )
            Plaintiff,                  )
                                        )          CIVIL ACTION FILE
v.                                      )
                                        )          NO. 1:00-CV-0367-CC
WORLD CHAMPIONSHIP WRESTLING, )
INC. and TURNER SPORTS, INC.,           )
                                        )
            Defendants.                 )
_____)

## CONSENT PROTECTIVE ORDER

Discovery sought by the parties in the above-captioned case may involve

the production of documents and things containing confidential information and

witnesses whose testimony may concern matters that are of a confidential nature.

For good cause shown, pursuant to Federal Rules of Civil Procedure 26(c) and 29,

**IT IS HEREBY ORDERED THAT:**

1.

(a)    This Order governs the handling of all confidential documents,

testimony, responses to discovery requests and other information, including all

copies, excerpts and summaries thereof ("Material") produced, provided, or filed

by any of Plaintiffs in the above-captioned matters (collectively, "Plaintiffs"),

Defendant World Championship Wrestling, Inc. ("WCW"), Defendant Turner

0762615.04

-1-

EXHIBIT A

Sports, Inc. ("Turner Sports"), and/or Turner Entertainment Group, Inc. ("TEG") and any non-party during discovery or other proceedings in the above-captioned cases (collectively, the "Litigation").

(b)     Any party or non-party may designate as "Confidential" any Material which it in good faith believes constitutes or contains private medical information, trade secrets or other confidential or proprietary business, commercial, financial, research or development information of the party or non-party making the designation. As used in this Order, "Confidential Material" means Material designated as "Confidential" and any copies, excerpts, summaries or other disclosure of the substance or contents of such Material.

2.

A producing party may designate documents and other information as "Confidential" by marking the initial page of such documents or other information "CONFIDENTIAL." All Material which cannot be conveniently designated in the manner described above shall be designated by the producing party as "Confidential" by informing the other parties in writing of such designation. A producing party's designation of any Material as "Confidential" shall also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such Material.

0762615.04

-2-

3.

Disclosure of Confidential Material shall be restricted to:

(a)     The attorneys of record for the parties and other in-house counsel for
the parties, including their parent corporations, successors or affiliates working on
this matter, and employees of such attorneys to whom it is necessary that
Confidential Material be shown for purposes of this Litigation;

(b)     The Court and its personnel;

(c)     Court reporters not employed by the Court;

(d)     Such other persons as hereafter may be designated by written
stipulation of the parties, or by further order of the Court on motion by any party;

(e)     Persons retained by any party or its attorneys of record in this
Litigation solely for the purpose of assisting in the preparation of this Litigation
for trial, such as independent medical or technical experts, accountants,
statisticians, economists, or other experts, including staff and support personnel of
such persons to whom it is necessary that Confidential Material be shown for
purposes of assisting in such preparation; and

(f)     Any person who is being questioned in a deposition or hearing if such
person was a recipient, sender or creator of such Confidential Material, or if the
attorney providing such Confidential Material to such person has a good faith
belief that the person has sufficient knowledge of the subject matter of the

0762615.04

-3-

Confidential Material that questioning such person about such Confidential

Material will lead to the discovery of admissible evidence.

4.

Before Confidential Material may be disclosed to any person other than

those persons listed in paragraphs 3(a), 3(b), and 3(c) above, such person shall be

furnished with a copy of this Order, shall agree to be bound by the terms of this

Order, and shall execute an agreement in the form of Exhibit "A" attached hereto.

A copy of each such executed Agreement shall be retained by the attorneys of

record for the party that provides the information to the person until further order

of this Court.

5.

All Confidential Material produced by any party shall be carefully

maintained by each of the other parties to this Litigation so as to preclude access

by persons who are not qualified recipients of such Material. Furthermore, no

person, firm, corporation, or other entity subject to this Order shall provide,

disclose, make available, or communicate Confidential Material to any person,

firm, corporation or other entity not expressly authorized by this Order to receive

such Material. A party's use of its own Material which it produces or discloses in

this Litigation shall not be considered a violation of this Order.

0762615.04

-4-

6.

No person, firm, corporation, or any other entity entitled to receive

Confidential Material pursuant to paragraph 3 of this Order shall use such Material

in any manner whatsoever except for preparation for trial and any appeal in this

Litigation. All such persons and entities are barred from using Confidential

Material to further the business interests of any party hereto (other than the

prosecution of claims or preparation of defenses in this action by the parties) or

the business interests of any other person, firm, corporation or other entity.

7.

Protected materials may not be filed in Court, whether separately or with or

as part of pleadings or other court papers except under seal. Any party wishing to

make such a filing must first present a motion regarding the specific documents

sought to be filed under seal to the Court of its approval. (Approval of such a

motion will be greatly expedited if it is presented with the consent of all parties).

Upon approval by the Court, the protected materials shall be filed in a sealed

envelope or other appropriate container on which shall be endorsed the caption of

this lawsuit, the title of the court paper or a brief description of the enclosed

materials, the legend "Confidential-Subject to Court Order," and a statement to the

following effect:

> This envelope [or other container] contains documents filed in this
> case by [name of party]; it is not to be opened by, nor are the contents

0762615.05

-5-

to be displayed or revealed to, anyone other than authorized Court personnel, except upon order of the Court.

8.

With respect to testimony elicited at any deposition or hearing in this Litigation, whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that shall be subject to confidential treatment under the terms of this Order, counsel may designate on the record that such disclosure is Confidential Material. Following such designation, only the witness and persons allowed access to such Material by this Order may remain in attendance at any deposition or hearing. A party also may designate information disclosed at any deposition or hearing "Confidential" by notifying each party in writing of such designation within thirty (30) days of receipt of the transcript of any deposition, hearing or trial. Such designation shall state the specific page(s) and line(s) of each transcript containing such Confidential Material. The court reporter shall mark those portions of transcript(s) that are designated as containing Confidential Material and the cover of such transcript(s) with the appropriate legend.

9.

The provisions of this Order shall apply to pretrial proceedings and to the material produced in pretrial discovery but shall not affect the conduct of trial. Nothing herein shall preclude any party from making an application to the Court

0762615.05

-6-

concerning the handling or treatment of Material designated "Confidential" at trial in this action.

10.

Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or the Court, after notice to all parties of record, orders such disclosure.

11.

The parties to this Litigation shall not be obligated to challenge the proprietary of a designation of Material as "Confidential" at the time such designation is made by the producing party, and the failure to challenge any such designation shall not preclude a subsequent challenge by any party to such designation. In the event any party to this Litigation disagrees at any stage of the proceeding with the designation by another party of any Material as "Confidential," the parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved informally, the party that objects to the designation may move the Court, upon notice to all parties, to remove or change the designation of any Material as "Confidential."

12.

Materials produced during the course of discovery in this litigation by any party or non-party prior to the entry of this Order by the Court shall be subject to

*0762615.05*

the provisions of this Order to the same extent as if such Order had been entered by the Court as of the date such Material was produced.

13.

At the request of a producing party, all documents and physical objects produced by the party in connection with this Litigation shall initially be considered, as a whole, to constitute Confidential Material subject to this Order. Prior to producing such documents or physical objects, the producing party shall notify the receiving parties of such initial designation.

14.

The entry of this Order shall not operate as a waiver by any party hereto of any objections to producing or providing any documents, information, or other materials for any grounds other than the presence of Confidential Material.

15.

The inadvertent or unintentional disclosure by a party or non-party of Material which is entitled to protection under this Order, regardless of whether the Material was designated as "Confidential" at the time of disclosure, shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific Material disclosed or as to any other information relating thereto on the same or related subject matter.

0762615.05

16.

The inadvertent or unintentional production by a party or non-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including, but not limited to, the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Upon receiving notice from a producing party that privileged information, including copies or summaries thereof, has been inadvertently produced, all such privileged information shall be returned to the producing party within five business days of receipt of such notice. A party that returns privileged information after receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on any grounds other than the inadvertent or unintentional production of such information.

17.

Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the person or entity against whom such waiver will be effective.

0762615.05

-9-

18.

Upon final termination of this Litigation, including all appeals, each party

shall, within forty-five (45) days, return to the producing party, or at the producing

party's request, destroy all Confidential Material produced by the other party,

including any originals or reproductions of any such Material received or made by

any other person pursuant to the terms of this Order.  Within forty-five (45) days

of the final termination of this Litigation, each party also shall destroy, in

whatever form stored or reproduced, all other Confidential Material, including, but

not limited to, correspondence, computer data, memoranda, notes and other work

product materials, in the control of any party or other person that received

Confidential Material pursuant to the terms of this Order; provided, however, that

counsel for the parties may retain their attorneys' notes and one copy of pleadings

and depositions for archival purposes.

19.

The provisions of this Order shall continue to be binding after the

conclusion of this Litigation, except that all of the parties may by stipulation

modify or dissolve this Order and nothing contained in this Order shall prejudice

the right of any party to seek an Order of this Court modifying or dissolving this

Order. Such request for dissolution or modification of the Order may be made by

any party at any time.


IT IS SO ORDERED, this __4th__ day of __September__,

2001.


Magistrate Judge
United States District Court for the
Northern District of Georgia, Atlanta
Division


0762615.05

-11-

CONSENTED TO:

MEADOWS, ICHTER & TRIGG, P.C.


CARY ICHTER
Georgia Bar No. 382515
KELLY JEAN BEARD
Georgia Bar No. 044380
MICHELLE M. ROTHENBERG
Georgia Bar No. 615680

Eight Piedmont Center
Suite 300
3525 Piedmont Road
Atlanta, GA 30305
(404) 261-6020

Attorneys for Plaintiff

TROUTMAN SANDERS LLP


JOHN J. DALTON
Georgia Bar No. 203700
JAMES A. LAMBERTH
Georgia Bar No. 431851
EVAN H. PONTZ
Georgia Bar No. 583577

Suite 5200, Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, GA 30308-2216
(404) 885-3000
Fax: (404) 885-3995

Attorneys for Defendants

0762615.04

## EXHIBIT A

## AGREEMENT

_____ being duly sworn, hereby states as

follows:

I reside at _____ in the

City/County of _____ in the State of _____. I

have read the Protective Order dated _____ am engaged

as        _____ on behalf of _____

_____ in the preparation and conduct of the litigation referenced in the Protective

Order, or am otherwise allowed access to Confidential Material under the terms of

the Protective Order. I am fully familiar with and agree to comply with and be

bound by the provisions of the Protective Order. I will not divulge to persons

other than those specifically authorized by the Protective Order, and will not copy

or use except solely for the purposes of the above-referenced litigation, any

Confidential Material obtained pursuant to the terms of the Protective Order,

except as provided in the Protective Order. Upon being notified by counsel which

provided Confidential Material to me of the termination of the above-referenced

litigation, I will return all such Material to such counsel for handling in

accordance with the terms of the Protective Order.

0762615.04

-1-

This _____ day of _____ 200__.

_____

0762615.04



# EXHIBIT / ATTACHMENT

## _____B_____

(To be scanned in place of tab)

# MEADOWS, ICHTER & BOWERS
###### ATTORNEYS AT LAW

January 22, 2003

**VIA HAND-DELIVERY**
Eric A. Richardson, Esq.
Troutman Sanders LLP
Bank of America Plaza
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2218

           Re:   **WCW Consolidated Cases**

Dear Eric:

      I have attached hereto for your information a print-out
summarizing the documents WCW produced in connection with this
matter.  Except for the documents listed below, the Plaintiffs
are contesting the confidentiality designation attached to all
of these documents.  Please let me know by Thursday at noon your
clients' position with regard to these documents so that we may
timely file a motion with the Court.  We agree the following
documents should continue to be treated as confidential:
WCW018068-71, 018072, 018073-75, 018076-78, 018079-83, 018084-
88, 018089-92, 018093-95, 018096-98, 018099-102, 018103, 018114-
115, 018116-119, 018484-85, 018486, 018756-57, 018769-72,
018964-69, 002588, 002596, 002597-600, 002601-602, 002603-615,
002617, and 002618-622.

      I have also attached a redacted copy of the Kampfe
deposition. Please let me know whether there are additional
portions of the deposition the defendants regard as being
confidential so that I can file this transcript with the Court
by the end of the week.

      With regard to your recent inquiries regarding
mediation, given the status of the Miller and Huffman
cases, we would be in a better position to mediate those
cases without "down payments" than with the other cases.
Obviously, because discovery is still ongoing in those
cases and no dispositive motions have been filed, our



EXHIBIT **B**

MEADOWS, ICHTER & DOWERS
ATTORNEYS AT LAW

Eric A. Richardson, Esq.
January 22, 2003
Page 2


investment in these cases is considerably less.   To the
extent that the Defendants demonstrate a willingness to
value Miller and Huffman in a way that the Plaintiffs
generally regard as being fair, we might be able to
break through our current impasse in moving forward with
settlement discussions.

        With that in mind, I have been authorized to offer
to mediate Miller and Huffman on the condition that WCW
agrees to pay the mediator.   We would want to mediate
both of those cases as soon as possible, and in no event
more than 30 days from today's date.   In the event that
those mediations are successful, we might be able to
make progress in the other cases.

        I look forward to hearing from you with regard to this
matter.   If you have any questions or comments regarding the
foregoing, please give me a call.

                        Very truly yours,



                        Cary Ichter

CI/tms

cc : Charles J. Gernazian, Esq.
      Michelle Rothenberg-Williams, Esq.



# EXHIBIT / ATTACHMENT

## _____C_____

(To be scanned in place of tab)

# TROUTMAN SANDERS LLP

### ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

**BANK OF AMERICA PLAZA**
**600 PEACHTREE STREET, N.E. - SUITE 5200**
**ATLANTA, GEORGIA 30308-2216**
**www.troutmansanders.com**
**TELEPHONE 404-885-3000**
**FACSIMILE 404-885-3900**

Eric A. Richardson
eric.richardson@troutmansanders.com

Direct Dial 404-885-3498
Direct Fax 404-962-6565

January 23, 2003

## VIA FACSIMILE AND U.S. MAIL

Cary Ichter, Esq.
Meadows, Ichter & Bowers, P.C.
Eight Piedmont Center, Suite 300
3525 Piedmont Road, N.E.
Atlanta, GA 30305

RE:  *Walker v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-0367-CC;
*Onoo v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-0368-CC;
*Norris v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-0369-CC;
*Easterling v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1715-CC;
*Davis v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1716-CC;
*Worthen v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1717-CC;
*Speight v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1718-CC;
*Saengsiphan v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1719-CC;
*Reeves v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:00-CV-1720-CC; and
*Patterson v. World Championship Wrestling, Inc., et al.*, Civ. File No. 1:01-CV-1152-CC

Dear Cary:

This responds to your letter dated January 22, 2003, which I actually received by hand delivery **this afternoon,** regarding documents designated as confidential in the above-referenced cases.

In your letter, you refer to **over 20,000 pages** of documents as to which you contend the confidentiality designation should be lifted, and request Defendants' position regarding the continued confidentiality of these documents by noon today. Having just received your letter this afternoon, it is not possible for us to have already reviewed and evaluated such a large volume of documents by noon today, nor could we complete such an extensive review by tomorrow, when your motion is due. Accordingly, Defendants cannot agree to lift the confidentiality designation of these documents at this time.

ATLANTA • HONG KONG • LONDON • NORFOLK • RICHMOND
TYSONS CORNER • VIRGINIA BEACH • WASHINGTON, D.C.


EXHIBIT C

TROUTMAN SANDERS LLP
ATTORNEYS AT LAW
A LIMITED LIABILITY PARTNERSHIP

January 23, 2003
Page 2

As to John Kampfe's deposition testimony, we will review your proposed redacted
deposition transcript, and we will let you know as soon as is practicable whether Defendants
wish to maintain additional portions of Mr. Kampfe's deposition testimony as confidential.

Again, I am available to discuss any of the above if you have any questions or comments.

Very truly yours,

Eric A. Richardson

cc:     Charles Gernazian, Esq.
        James A. Lamberth, Esq.
        Evan H. Pontz, Esq.

CONFIDENTIAL

# Troutman Sanders LLP

### ATTORNEYS AT LAW

*A Limited Liability Partnership*

BANK OF AMERICA PLAZA

600 PEACHTREE STREET, N.E. - SUITE 5200

ATLANTA, GEORGIA 30308-2216

www.troutmansanders.com

FACSIMILE: 404-885-3900

## FACSIMILE TRANSMITTAL

| SENDER'S DIRECT DIAL NO. | SENDER'S DIRECT FACSIMILE NO. | FLOOR |
|---|---|---|
| 404-885-3496 | 404-962-6666 | |

**Date:**  January 23, 2003

**To:**  Cary Ichter, Esq                **Operator:**  Deborah

**Firm:**  Meadows, Ichter & Bowers, P.C.        **Recipient #:**

**Fax #:**  404-261-3656

**From:**  Eric A. Richardson

**Subject:**

> Number of pages including this cover sheet = 3
> If all pages are not received, please call 404-885-3211.

Original Will Be Sent

### *** COMMENTS ***

The information which follows and is transmitted herewith is attorney/client privileged, trade secret and/or confidential information intended only for the viewing and use of the individual recipient named above. If the reader of this message is not the intended recipient, you are hereby notified that any review, use, communication, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the above address via the U. S. Postal Service or Overnight Delivery Service at our expense. Thank you.