**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

FEB -4 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRON EASTERLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | |
| v. ) | NO. 1:00-CV-1715-CC |
| ) | |
| WORLD CHAMPIONSHIP WRESTLING, INC.,) | |
| TURNER SPORTS, INC., and ) | |
| TURNER BROADCASTING SYSTEM, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE ANSWERS OR FOR OTHER APPROPRIATE SANCTIONS

Pursuant to the Court's instructions, Defendants Universal Wrestling Corporation (f/k/a World Championship Wrestling, Inc.) ("WCW"), Turner Sports, Inc., and Turner Broadcasting System, Inc. (collectively "Defendants") submit this Response to Plaintiffs' Motion to Strike Answers or for Other Appropriate Sanctions ("Plaintiffs' Motion").[1]

### INTRODUCTION

Plaintiffs' Motion is yet another thinly veiled attempt to invent unnecessary disputes and to burden Defendants and this Court by relitigating issues this Court already has resolved.

---

[1] At the hearing held before this Court on January 21, 2003, the Court instructed Defendants to file their response to Plaintiffs' Motion in the time required under Local Rules from that date, rather than from the date it was first filed by Plaintiffs.

Plaintiffs' Motion is not only baseless, it is harassing and abusive. Accordingly, it should be denied.

At the core of Plaintiffs' Motion is Plaintiffs' demand that WCW be forced to identify the race and ethnicity of all of its former independent contractor wrestlers since the beginning of 1995, even though WCW does not possess records about the races and ethnicities of its wrestlers and never tracked or maintained such documents or information. Plaintiffs point to two opinions offered almost *ten years ago*, in entirely unconnected litigation, by a WCW consultant and a WCW employee about the races of a few specific wrestlers and containing a mere estimate of the general racial composition of wrestlers *in 1991*. From these opinions, Plaintiffs erroneously and gratuitously conclude that WCW was untruthful when it stated that it does not possess records about the races and ethnicities of its wrestlers and never tracked or maintained such documents.

Contrary to Plaintiffs' claims, WCW's statements to this Court were and are correct and truthful. In fact, the opinions Plaintiffs point to *actually confirm* the accuracy of WCW's statements that *it does not possess records about the races and ethnicities of its wrestlers and never tracked or maintained such documents*. Previously in this action, this Court properly refused to force WCW to identify the race and ethnicity of all of its

former independent contractor wrestlers since the beginning of 1995 because WCW does not possess records containing this information. WCW's actions in discovery in this litigation have at all times been proper and have never hindered Plaintiffs' pursuit of their claims. Plaintiffs' assertions in the instant Motion are not supported by the undisputed facts, and should be rejected.

## PROCEDURAL AND FACTUAL BACKGROUND

The Court previously has considered and resolved the alleged new issue raised in Plaintiffs' Motion. During discovery, Plaintiffs demanded that WCW identify (through sworn interrogatories or 30(b)(6) testimony) the races or ethnicities of all independent contractor wrestlers that performed with WCW since the beginning of 1995. WCW responded by informing Plaintiffs that because WCW's wrestlers were independent contractors (either under formal written contracts or providing services without a formal written agreement) and not employees of WCW, <u>WCW did not record or track the race or ethnicity of these individuals</u>. (See Exhibit A at p. 3 to Plaintiffs' Motion). WCW did not maintain and does not possess records reflecting these individuals' races or ethnicities, nor is WCW aware of how these individuals would have themselves identified their own races or ethnicities. (<u>Id.</u>)

Dissatisfied with WCW's response, Plaintiffs raised this issue with the Court at an April 25, 2002 Rule 16 conference. During that conference, WCW affirmed to the Court, as it previously had explained to Plaintiffs, that WCW did not record or track the race or ethnicity of its wrestlers and that WCW did not maintain and does not possess records reflecting such information. After hearing from the parties, this Court ruled that if WCW did not have documents or records identifying the race or ethnicity of its independent contractor wrestlers, then the Court would not require WCW to provide this information, either through an interrogatory response or by designating someone to testify definitively as to the race and ethnicity of all of WCW's former wrestlers.

After discovery closed, on December 17, 2002, Defendants filed summary judgment motions in the Walker, Onoo and Norris cases. As part of their briefs in support of summary judgment on Plaintiffs' Title VII claims, Defendants cited to a 1994 decision in which this Court granted a summary judgment motion filed by WCW and held that WCW's wrestlers were properly characterized as independent contractors, not employees. (See Ross v. World Championship Wrestling, Inc., 1:93-CV-1206-JEC, attached as Exhibit B to Plaintiffs' Motion).

After reviewing the pleadings in Ross, Plaintiffs filed this Motion before the Court wrongly alleging that statements in affidavits used as part of the Ross litigation almost ten years ago are "plainly contrary" to WCW's discovery responses and statements to this Court in the April 25, 2002 Rule 16 conference. (See Plaintiffs' Brief at 2).

Plaintiffs' assertions are absurd. The filings in the Ross case not only fail to support Plaintiffs' baseless claims, they prove the accuracy of WCW's statements in this litigation by explicitly stating that WCW did not maintain records reflecting the race or ethnicity of its wrestlers. WCW has been entirely truthful in stating its position regarding racial identification of wrestlers and has done nothing to hinder Plaintiffs' efforts to discover any relevant information. Accordingly, there is no factual or legal basis for striking WCW's Answers, for imposing any sanction against WCW, or for granting any other relief that Plaintiffs request. Plaintiffs' Motion is baseless and should be denied.

**ARGUMENT**

**I. Plaintiffs' Motion For Sanctions Against WCW Has No Merit.**

In their Motion, Plaintiffs not only mischaracterize the nature of the pleadings in the Ross litigation, but Plaintiffs also ignore WCW's statements to this Court and WCW's consistent

position in this litigation. In this litigation, WCW has consistently stated to Plaintiffs and this Court that because WCW's wrestlers were independent contractors and not employees of WCW, (i) WCW did not record or track the race or ethnicity of these individuals, (ii) WCW did not maintain and does not possess records reflecting these individuals' races or ethnicities, and (iii) WCW is not aware of how all of these wrestlers would have themselves identified their races or ethnicities. Based on these statements, this Court rejected Plaintiffs' demand that WCW be required to identify the races and ethnicities of all of its wrestlers since 1995.

Contrary to Plaintiffs' misleading assertions, the Statement of Undisputed Material Facts ("Statement of Facts") in the Ross case (see Plaintiffs' Motion, Exhibit C) not only does not show that WCW's statements in the current litigation are untruthful, it actually proves that WCW's statements are correct now and were correct ten years ago. The Ross Statement of Facts explicitly states that **"WCW does not keep records of the races of [its] wrestlers...,"** citing the affidavit of Eric Holman, then an accountant with WCW. (Id. at ¶ 11). This testimony confirms that WCW's statement to the Court in this litigation is indisputably accurate.

The inclusion of a statement in the <u>Ross</u> Statement of Facts that a "large majority" of WCW's wrestlers in 1991 were white does nothing to bolster Plaintiffs' argument. This statement simply reflects Mr. Holman's opinion regarding the estimated racial composition of wrestlers at WCW at that time. (<u>Id.</u>) There is no indication on what Mr. Holman based this opinion or how he arrived at this opinion, but it is indisputably clear that he did not rely on any records, because none exist. (<u>Id.</u>) Mr. Holman's opinion was accepted by the Court simply for purposes of that litigation as it was unopposed by the plaintiff in that case. (<u>See</u> Plaintiffs' Motion at 3, Exh. B at p. 4). This opinion by a WCW accountant ten years ago in an unrelated case in no way affects the truthfulness of WCW's statements in the instant litigation. Mr. Holman's opinion also does nothing to support Plaintiffs' assertion that there is any evidence or information that WCW has failed to disclose in this litigation.

Likewise, the information in the <u>Ross</u> Statement of Facts regarding the purported races of certain wrestlers also does nothing to support Plaintiffs' Motion. This information was derived from the affidavit of Virgil Runnels, a former WCW consultant, who offered his opinion about the race of 15 particular wrestlers. (<u>See</u> Plaintiffs' Motion, Exhibit C, p. 5, ¶ 10). The fact that Mr. Runnels had an opinion about the race of

a few specific wrestlers does nothing to contradict WCW's statement that it did not track or maintain documents or records concerning the races and ethnicities of its wrestlers.

Mr. Holman and Mr. Runnels's opinions do not purport to identify -- or give any indication that WCW had the ability to identify -- the race and ethnicity of every single wrestler with WCW. Moreover, Mr. Holman's general estimate about wrestlers in 1991 (or even a similar estimate made today) would not assist Plaintiffs in offering any valid statistical analysis to support their claims.

In a misguided attempt to demonstrate their supposed "need" for racial identification of wrestlers, Plaintiffs even mischaracterize their own claims in this litigation. Plaintiffs contend that they need the racial identity of all wrestlers to prove their "disparate impact" claims. (Plaintiffs' Motion at 1, 9). In fact, Plaintiffs' lawsuits assert *intentional* discrimination, and do not include any disparate impact claims.[2]

---

[2] Disparate impact theory applies where a specific, facially neutral employment policy or practice is challenged as having a disproportionate impact on a protected group, where the impact cannot be justified by a legitimate business consideration. International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). Plaintiffs do not challenge any facially neutral employment policy or practice. Rather, they allege intentional discrimination, which is what they must prove under 42 U.S.C. § 1981 and their Title VII disparate treatment claims, which focus on whether a defendant impermissibly differentiates among individuals based on their membership in a protected class. Id.

Even if a statistical analysis were relevant to Plaintiffs' claims, Plaintiffs cannot possibly contend that a general estimation of the racial composition of a group of individuals (such as Mr. Holman's opinion) is sufficient data on which to base any statistical analysis. The Ross Statement of Facts is useless to Plaintiffs, as any similar type of estimation required of WCW in Plaintiffs' cases would be.

Further, in this litigation Plaintiffs were free to gather opinion testimony just like Mr. Runnels's opinion testimony about the race of certain wrestlers. In fact, during the course of discovery in this case, Plaintiffs asked numerous witnesses, including many former WCW employees, to give their opinions of the race or ethnicity of various wrestlers and wrestler trainees. (See e.g., Dillon Dep. at 50, 55, 58-59, 78-79, 86, 89, 105, 111-12, 115, 118, 120, 247; Myers Dep. at 71, 73, 76-77, 138-40; Bruce Dep. at 25-35). These witnesses offered their opinions where they had them, just as Mr. Runnels did. (Id.) Thus, while WCW does not possess records or information from which WCW could conclusively state under oath the race and ethnicity of its wrestlers, Plaintiffs have had ample opportunity to seek the same type of testimony Runnels offered from the dozens of witnesses Plaintiffs have deposed in this litigation.

WCW's statement that it does not maintain records tracking the race and ethnicity of its wrestlers is true and accurate, and it is corroborated, not contradicted, by the Ross Statement of Facts. WCW has not withheld any information from Plaintiffs. Plaintiffs and WCW have had the same access to information about the races and ethnicities of wrestlers -- asking individuals their opinions about the races or ethnicities of specific wrestlers, or even asking the wrestlers themselves how they would identify their own race or ethnicity. WCW has done nothing that has hindered Plaintiffs' pursuit of this information or their claims. Accordingly, there is no basis for any sanctions against WCW, and Plaintiffs' frivolous Motion should be denied.

## II. The Specific Sanctions Sought By Plaintiffs Are Unsupported and Unjustified.

As shown above, there are no grounds for any sanctions against WCW. The only bad conduct here is Plaintiffs' Motion itself, which wastes the Court's time and further harasses Defendants. This is underscored by the specific sanctions sought by Plaintiffs, each of which is unjustifiable.

Plaintiffs first request the draconian sanction of striking WCW's Answers. Such a drastic sanction only is ordered in extreme circumstances involving willful misconduct or bad faith that causes prejudice and where lesser sanctions are not appropriate.

See Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (11th Cir. 1970); Wilson v. Volkswagen of America, Inc., 561 F.2d 494 (4th Cir. 1977), cert. denied, 98 S. Ct, 744 (1977); Independent Productions Corp. v. Loew's Inc., 283 F.2d 730 (2d Cir. 1960). Plaintiffs have not shown any misconduct by WCW, let alone willful misconduct or bad faith.

As demonstrated above, the record establishes that WCW has not withheld any information or in any way "deceived" Plaintiffs or the Court as Plaintiffs contend. WCW does not possess records on the race or ethnicity of its wrestlers, and WCW did not track or maintain this information. The fact that an employee provided his opinion estimating the racial composition of wrestlers in 1991 or that a consultant gave his opinion ten years ago about a few specific wrestlers' races does not contradict WCW's statements to the Court, or demonstrate that WCW acted improperly or attempted to prevent Plaintiffs from conducting discovery or pursuing their claims. Accordingly, there is no basis to deny WCW its basic right to defend itself against Plaintiffs' baseless lawsuits.

Plaintiffs' alternatively assert that the Court should strike WCW's summary judgment motions since WCW should "not be permitted to profit from its [purportedly] deliberate concealment of information." (Plaintiffs' Motion at 7). This statement mischaracterizes the facts at issue. WCW has not concealed any

information. Rather, almost ten years ago in the <u>Ross</u> litigation and now in Plaintiffs' lawsuits, WCW stated that it does not maintain records of the races or ethnicities of its independent contractor wrestlers.

Further, Plaintiffs do not address how the information at issue relates in any way to WCW's summary judgment motions. WCW's motions show that each of Plaintiffs' specific claims have no basis in fact or law. Plaintiffs' purported need for the racial and ethnic identification of WCW's wrestlers -- which they attempt to provide from their own opinion testimony and the opinions of numerous former WCW employees who they deposed -- does not have any impact on WCW's summary judgment motions. Plaintiffs' suggested sanction is merely a desperate attempt to avoid summary judgment the only way they can. This effort is transparent and should be rejected.

Finally, Plaintiffs request that the Court sanction WCW by estopping WCW from being able to challenge Plaintiffs' evidence about the races of WCW's wrestlers.[3] Plaintiffs' evidence consists

---

[3] Plaintiffs also seek to be awarded their fees and expenses incurred in preparing the instant Motion and in gathering the opinion testimony and other information on the race of WCW's wrestlers. Because their Motion is meritless, Plaintiffs are not entitled to any fees incurred in preparing it. Likewise, Plaintiffs have not done anything to gather racial identification information other than give their own opinion testimony about wrestlers' races and ask other witnesses for their opinions of wrestlers' races. There is nothing to Plaintiffs' assertion that

solely of Plaintiffs' own opinions and the opinions of other witnesses regarding the alleged races and ethnicities of various WCW wrestlers. These opinions may be correct or they may be incorrect. If there is other evidence of a wrestler's race or ethnicity beyond the evidence Plaintiffs offer, Plaintiffs would have this Court now bar such evidence from ever being offered. This proposed sanction is ridiculous. All relevant evidence about the race or ethnicity of particular wrestlers should be offered as necessary, and the competency, form and value of such evidence should be considered and weighed at the appropriate time. There is no basis to sanction WCW by estopping legitimate evidentiary disputes over the race or ethnicity of a wrestler that may arise in the future, merely because WCW did not record or track this information. Plaintiffs' proposed sanction should be rejected.

It is Plaintiffs' ultimate burden to offer sufficient evidence to support their claims. WCW has properly responded to Plaintiffs' discovery requests, but WCW is not required to gather or document information for Plaintiffs that WCW does not possess simply because Plaintiffs would find that more convenient. Plaintiffs have demanded such efforts throughout this case, but

---

this resulted in "time consuming and expensive efforts." Plaintiffs have the burden to prove their claims. They cannot shift this cost to Defendants because they find the efforts they decide to undertake more difficult or time-consuming than they hoped they might be.

1110757_1.DOC                               13

this Court has repeatedly rejected these efforts.  The Court should again reject Plaintiffs' improper demand and deny Plaintiffs' Motion.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion to Strike Answers or for Other Appropriate Sanctions be denied in its entirety.

This 4th day of February, 2003.

 

_____
John J. Dalton
Georgia Bar No. 203700
James A. Lamberth
Georgia Bar No. 431851
Eric A. Richardson
Georgia Bar No. 233873
Evan H. Pontz
Georgia Bar No. 583577

Counsel for Defendants

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
(404) 885-3000

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DARRON EASTERLING,            )<br>                               )<br>        Plaintiff,             )<br>                               )<br>v.                             )<br>                               )<br>WORLD CHAMPIONSHIP WRESTLING, INC.,)<br>TURNER SPORTS, INC., and       )<br>TURNER BROADCASTING SYSTEM, INC., )<br>                               )<br>        Defendants.            ) | CIVIL ACTION FILE<br><br>NO.  1:00-CV-1715-CC |

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of ***DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO STRIKE ANSWERS OR FOR OTHER APPROPRIATE SANCTIONS*** upon the interested parties by depositing a copy of same in the U.S. Mail, properly addressed with adequate postage, to:

> Cary Ichter
> Charles J. Gernazian
> Michelle M. Rothenberg-Williams
> MEADOWS, ICHTER AND BOWERS, P.C.
> Fourteen Piedmont Center, Suite 1100
> 3535 Piedmont Road
> Atlanta, GA  30305

This 4th day of February, 2003.

_____
Evan H. Pontz