

**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 21 2003

LUTHER D. THOMAS, Clerk
By: /s/ Deputy Clerk

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

<u>Easterling v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1715-CC
<u>Worthen v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1717-CC
<u>Speight v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1718-CC

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND TO SUPPLEMENT THE RECORD WITH DECLARATION OF ELVIN CARTER

Defendants Universal Wrestling Corporation (f/k/a World Championship Wrestling, Inc.) ("WCW"), Turner Sports, Inc., Turner Entertainment Group, Inc. and Turner Broadcasting System, Inc. (collectively "Defendants") submit their Opposition to Plaintiffs' Motion for Leave to File Supplemental Brief and to Supplement the Record with Declaration of Elvin Carter (the "Motion").

### INTRODUCTION

The briefing period of all summary judgment issues in the above-referenced cases as well as in seven other cases originally referred to the Magistrate has been closed for over a month. Plaintiffs have already filed voluminous response briefs containing pages and pages of references to irrelevant

documents, testimony and events that had no relation to the Plaintiffs or their claims. Now, over one month after filing the last of their ten response briefs, Plaintiffs seek to supplement the record with still more irrelevant testimony concerning events that allegedly occurred in 1991 and 1992 involving different wrestlers, and seek to file a supplemental brief citing irrelevant and non-binding case law from outside this Circuit involving claims that none of the Plaintiffs assert in these cases. Plaintiffs' Motion only highlights the weaknesses in their individual claims and their kitchen sink approach to summary judgment. Plaintiffs' belated attempt to shore up their claims is untimely, lacks merit, and should be rejected.

## ARGUMENT

### A. PLAINTIFFS SHOULD NOT BE PERMITTED TO FILE A SUPPLEMENTAL BRIEF TO CITE NONBINDING, IRRELEVANT CASE LAW.

Defendants demonstrated in their Summary Judgment Reply Briefs the numerous fundamental deficiencies in Plaintiffs' purported statistical evidence that rendered that evidence meaningless. Among those deficiencies is Plaintiffs' failure to present any competent evidence concerning the number of African-American or white applicants who actually sought positions and/or opportunities at WCW, or to present any evidence relating

to the percentage of such applicants who were even minimally qualified and committed to being WCW wrestlers.

In apparent realization of that fact, and in an effort to avoid their burden to produce **competent** statistical analysis, Plaintiffs cite to a Second Circuit decision in Malave v. Potter, 2003 U.S. App. LEXIS 3024 (2nd Cir. 2003), which they contend demonstrates that the Court should consider their flawed statistical analysis despite the glaring absence of data regarding the qualified applicant pool. In fact, the Malave decision has no bearing on Plaintiffs' claims.

The Malave decision is entirely distinguishable on its facts. Malave dealt with a disparate impact claim, and the Second Circuit ruled that a lower court was incorrect in holding that the lack of applicant data **always** renders it impossible to establish a prima facie **disparate impact** case. Id. at *16. **The Plaintiffs in these cases do not assert any disparate impact claims**. Plaintiffs' claims here, unlike the claim at issue in Malave, are for **intentional** discrimination. Accordingly, Malave does not apply in any way to the analysis of Plaintiffs' claims.

Moreover, Plaintiffs' reference to non-binding precedent in Malave ignores well-established binding precedent in the Eleventh Circuit requiring competent comparative evidence. See, e.g., Howard v. BP Oil Co., Inc., 32 F.3d 520 (11th Cir. 1994)

(explaining that statistical evidence is irrelevant in a § 1981 race discrimination case where the plaintiff fails to present evidence as to the number of minorities who actually applied and were rejected and evidence of the success rate of equally-qualified white applicants); Hawkins v. Ceco Corp., 883 F.2d 977, 985 (11th Cir. 1989) (evidence that plaintiff was only African-American salaried employee for a ten-year period is insufficient, without comparative evidence, to establish discrimination claim), cert. denied, 495 U.S. 935 (1990).  This issue was fully briefed on the parties' initial submissions, and nothing in Malave warrants ignoring or departing from established case law in this Circuit.[1]

Accordingly, this Court should not consider Malave, and Plaintiffs' request for leave to file a supplemental brief should be denied.  See Prudential Bache Securities v. Pitman, 1991 WL 160039, *5 (N.D. Ga. 1991) (granting plaintiff's motion to strike supplemental brief where summary judgment issue was fully briefed on the parties' initial submissions).

---

[1] As Defendants stated in their Summary Judgment Reply Briefs, because Plaintiffs' statistical evidence and conclusions lack any basic competence or evidentiary value, Defendants intend to file a Daubert motion to entirely exclude Plaintiffs' expert report in its entirety.

**B.    PLAINTIFFS SHOULD NOT BE PERMITTED TO SUPPLEMENT THE RECORD WITH IRRELEVANT EVIDENCE.**

The Declaration of Elvin Carter adds nothing of probative value to the record and should not be considered. Mr. Carter states in his Declaration that he wrestled professionally for WCW **in 1991 and 1992**, then proceeds to discuss alleged derogatory statements purportedly made by individuals associated with WCW in 1991 and 1992, and his own subjective opinion regarding whether WCW discriminated against him and other African-American wrestlers at WCW in 1991 and 1992. The first of the above cases was filed in **2000**, none of the Plaintiffs in any of the 10 consolidated cases had any involvement with WCW in 1991 or 1992, and nothing that Mr. Carter states in his Declaration has any relation to any of the Plaintiffs or any actions taken by WCW with respect to any of the Plaintiffs. Mr. Carter's Declaration is irrelevant, inadmissible, and incompetent to defeat summary judgment in these cases. See e.g., Fed.R.Civ.P. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence . . .."); 10A Wright, Miller & Kane, Federal Practice & Procedure, Civil 3d, § 2727, at 497-98 (West 1998) ("Material that is inadmissible will not be considered on a summary-judgment motion because it would not

establish a genuine issue of material fact if offered at trial . . .."); Green v. Pittsburgh Plate & Glass Co., 224 F.Supp.2d 1348, 1359 (N.D. Ala. 2002) (granting defendant's motion to strike irrelevant and inadmissible portions of plaintiff's testimony offered in opposition to defendant's summary judgment motion). Accordingly, Plaintiffs' request to supplement the record with the Declaration of Elvin Carter should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion for Leave to File Supplemental Brief and to Supplement the Record with Declaration of Elvin Carter be denied in its entirety.

This 21st day of April, 2003.

/s/ John J. Dalton

John J. Dalton
Georgia Bar No. 203700
James A. Lamberth
Georgia Bar No. 431851
Eric A. Richardson
Georgia Bar No. 233873
Evan H. Pontz
Georgia Bar No. 583577

Counsel for Defendants

TROUTMAN SANDERS LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia  30308-2216
(404) 885-3000

THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

<u>Easterling v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1715-CC
<u>Worthen v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1717-CC
<u>Speight v. World Championship Wrestling, Inc., Turner Sports, Inc. and Turner Broadcasting System, Inc.</u>, Civ. File No. 1:00-CV-1718-CC

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of ***DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF AND TO SUPPLEMENT THE RECORD WITH DECLARATION OF ELVIN CARTER*** upon the interested parties by depositing a copy of same in the U.S. Mail, properly addressed with adequate postage, to:

> Cary Ichter
> Charles J. Gernazian
> Michelle M. Rothenberg-Williams
> MEADOWS, ICHTER AND BOWERS, P.C.
> Fourteen Piedmont Center, Suite 1100
> 3535 Piedmont Road
> Atlanta, GA  30305

This 21st day of April, 2003.

Eric A. Richardson